E-FILED
Thursday, 12 January, 2006 09:14:17 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT S. GILMORE, STEVE GERARD, DEVON WILSON and GEORGE COPPLE, | ) ) ) | |
| Plaintiffs, | ) ) | CASE NO: _____ |
| v. | ) ) | |
| JAMES A. CARLOCK, | ) ) | EQUITABLE RELIEF SOUGHT |
| Defendant. | ) ) | |

*COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND DAMAGES AND DEMAND FOR JURY TRIAL On COUNTS III and IV*

NOW COME Plaintiffs, Robert S. Gilmore, Steve Gerard, Devon Wilson and George Copple, ("Plaintiffs") by and through their attorneys, Brown, Hay & Stephens, LLP, Scott C. Helmholz, and Eliott M. Hedin, and for their Complaint against Defendant James A. Carlock, state as follows:

ALLEGATIONS COMMON TO ALL COUNTS

*Jurisdiction and Venue*

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332; complete diversity of citizenship exists between Plaintiffs (citizens of Texas, Connecticut, Indiana and Tennessee) and Defendant Carlock (citizen of Illinois) and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Venue properly lies in the Central District of Illinois, Springfield Division pursuant to 28 U.S.C. §1391(a) and Local Rule 40.1(B), as the affected real and personal property is situated in Adams and Pike Counties, Illinois.

*Parties*

2. Plaintiffs paid over $150,000.00 to Double Eagle Energy, Inc. ("DEEI") pursuant to a joint venture agreement (the "Venture") for development of a natural gas well project in Adams County, Illinois (the "Project").

3. Plaintiff Robert S. Gilmore resides in Grand Prairie, Texas, and is and was at all times relevant, a citizen of the State of Texas.

4. Plaintiff Steve Gerard resides in Stamford, Connecticut, and is and was at all times relevant, a citizen of the State of Connecticut.

5. Plaintiff Devon Wilson resides in Wabash, Indiana, and is and was at all times relevant, a citizen of the State of Indiana.

6. Plaintiff George Copple resides in Nashville, Tennessee, and is and was at all times relevant, a citizen of the State of Tennessee.

7. Defendant James A. Carlock ("Carlock") resides at 429 South 18th Street, Quincy, Illinois, 62301, and is and was at all times relevant, a citizen of the State of Illinois.

*The Project*

8. DEEI, acting on behalf of the Venture by and through its authorized agents, Allied Energy, LLC ("Allied") and/or Dean Gibson ("Gibson"), used Plaintiffs funds to acquire a series of oil and gas leases and/or right-of-way grants or easements necessary to drill and complete producing gas wells and to lay and interconnect pipelines between and among the producing wells to facilitate the delivery and sale of the produced gas.

9.  Between June 2, 2003 and February 13, 2004, the Venture obtained the following leases and/or right-of-way grants:

(a) Donald O. and Donald W. Owens Oil and Gas Lease, dated June 2, 2003;
(b) Leo J. and Irene Mast Oil and Gas Lease, dated July 25, 2003;
(c) Dale R. and Lynn S. Loos Oil and Gas Lease, dated September 15, 2003;
(d) James A. Carlock Natural Gas Lease dated February 3, 2004 (the "Carlock Lease")
(e) Helen Hill Oil and Gas Lease, dated October 14, 2003;
(f) Thomas S. and Theresa Badgley Heitholt Pipeline Right-of-Way Grant, dated February 13, 2004;
(g) John C. Barker Pipeline Right-of-Way Grant, dated February 13, 2004;
(h) John W., Irene and Dennis Main Pipeline Right-of-Way Grant, dated February 13, 2004; and,
(i) Roger E. and Mary R. Phillips Pipeline Right-of-Way Grant, dated February 13, 2004.

10. Between August 20, 2003 and September, 2004, the Venture drilled and completed the following producing gas wells:

(a) Owens #1
(b) Mast #1
(c) Mast #3
(d) Mast #4
(e) Loos #1
(f) Loos #2
(g) Carlock #1

11. During or after drilling and completion of the producing gas wells, Allied supervised or otherwise arranged for the construction and installation of buried pipelines between and among the producing wells so as to deliver produced gas to the nearby gas gathering system of Scope Operating Co. ("Scope").

12. Allied constructed the Project's transmission pipeline to connect to Scope's gathering system because Scope owned and operated compression and dehydration equipment necessary to convert Plaintiffs' produced gas to the "pipeline quality" standard required to sell the produced gas and because Scope possessed access to

a public utility gas pipeline "tap" also necessary for the sale of produced gas. Allied made an agreement with Scope on behalf of the Venture concerning the terms and conditions by which Scope would deliver Plaintiffs' produced gas for sale and remit the sale proceeds to Allied for the benefit of the Venture.

13.    As of November, 2004, Allied had drilled and completed seven producing gas wells on behalf of the Venture, and connected at least three of these wells to the Project's interconnecting transmission pipeline system for delivery of gas into Scope's gathering system.

14.    On or about November 18, 2004, Carlock turned off a valve on a segment of the Project's interconnecting pipeline system located on Carlock's premises. Carlock's action shut in and prevented any further production from the Project's producing wells.

15.    When agents of the Venture attempted to enter upon Carlock's premises to restore the flow of gas, Carlock ordered them to leave and thereafter threatened to call law enforcement authorities if anyone connected with the Venture attempted to re-enter Carlock's premises to restore the gas flow.

16.    Thereafter, between November 18, 2004 and the present, Defendant Carlock has declared that all of the Venture's lease rights and/or right-of-way grants have terminated.

17.    In addition to declaring the Carlock Lease terminated, Carlock has counseled and encouraged other lessors and/or right-of-way grantors to declare their respective leases or grants terminated.

18. Carlock, purportedly acting on behalf of, or in concert with, the other lessors or grantors, with the exception of Donald O. and Donald W. Owens, has declared that the Venture's entire infrastructure, including all downhole casing, wellhead/production equipment, and surface facilities and pipelines, valued in excess of $350,000.00, may be seized and expropriated by Carlock and the other lessors/grantors free and clear of any interest of Plaintiffs and/or the Venture.

19. Based upon his claims that the Venture's leases and right-of-ways have terminated, and that its property, plant and equipment have been forfeited to Carlock and the other lessors/grantors, Carlock has pursued negotiations with Allied and others in an attempt to start a new gas producing project utilizing or usurping the Venture's rights and property on terms more favorable to Carlock and the other lessors/grantors.

## COUNT I
### [Declaratory Judgment]

1.-19. Plaintiffs hereby restate and incorporate by reference herein Paragraphs 1 through 19 of the Allegations Common to All Counts as and for Paragraphs 1 through 19 of Count I.

20. This is an action for declaratory judgment pursuant to 28 U.S.C §2201, for the purpose of determining a question of actual controversy between the parties as hereinafter more fully appears.

21. There exists an actual and justiciable controversy as to the following:

(a) whether Carlock has breached or violated Plaintiffs' rights under the Carlock Lease by blocking the flow of produced gas and by denying Plaintiffs ingress to and egress across Carlock's property to restore the gas flow;

(b) whether Carlock's actions, as set forth above, obstruct, unreasonably burden, and interfere with the exercise of Plaintiffs' lawful rights under the Carlock Lease and constitute a trespass thereon or thereto;

(c) whether drilling and completing a producing gas well on each of the Mast, Owens, Hill, Loos and Carlock leases within the primary term of those leases perfected the Plaintiffs' right to thereafter continue to produce gas from each of those leases;

(d) whether Carlock's unlawful and unjustified interference with and disruption of gas flow on or about November 18, 2004, and thereafter, has prevented the Plaintiffs from continuing to produce and transport gas from the leases and across the right-of-ways since that time;

(e) whether Carlock's intentional interference with gas flow and denial of Plaintiffs' ingress to and egress across Carlock's property has excused Plaintiffs from any covenant or obligation to continue producing and selling natural gas from the leases and transporting said gas across the rights-of-way pending resolution of this action; and,

(f) whether Plaintiffs had, as of November 18, 2004, performed all covenants and obligations reasonably required by the express terms and provisions of the Carlock Lease and had not received any written notice specifying any breach or default thereof.

22. Plaintiffs assert and contend that:

(a) Carlock has breached or violated Plaintiffs' rights under the Carlock Lease by blocking the flow of produced gas and by denying Plaintiffs to access Carlock's property to restore the gas flow;

(b) Carlock's actions obstruct, unreasonably burden and interfere with the exercise of Plaintiffs' lawful rights under the Carlock Lease and constitute a trespass thereon and thereto;

(c) the drilling and completion of a producing gas well on each of the Mast, Owens, Hill, Loos and Carlock leases within the primary term of those leases perfected Plaintiffs' right to continue to produce gas from each of those leases;

(d) Carlock's unlawful and unjustified interference with and disruption of gas flow on or about November 18, 2004, and thereafter, has prevented Plaintiffs from continuing to produce and transport gas from the leases and across the right-of-ways since that time;

(e) Carlock's intentional interference with gas flow and denial of Plaintiffs' ingress to and egress across Carlock's property has excused Plaintiffs from any obligation to continue producing and selling natural gas from the leases and across the rights-of-way pending resolution of this action; and,

(f) Plaintiffs had, as of November 18, 2004, performed all covenants and obligations reasonably required by the express terms and provisions of the Carlock Lease and had not received any written notice specifying any breach or default thereof.

WHEREFORE, Plaintiffs pray the Court to make and enter a declaratory judgment that:

(a) Carlock breached or violated Plaintiffs' rights under the Carlock Lease by blocking the flow of produced gas and by denying Plaintiffs ingress to and egress across Carlock's property for purposes of working on and maintaining pipeline;

(b)   Carlock's actions obstructed, unreasonably burdened and interfered with the exercise of Plaintiffs' lawful rights under the Carlock Lease and constituted a trespass thereon;

(c)   the drilling and completion of a producing gas well on each of the Mast, Owens, Hill, Loos and Carlock leases within the primary term of those leases perfected the right to continue to produce gas from each of those seven leases;

(d)   Carlock's unlawful and unjustified interference with and disruption of gas flow on or about November 18, 2004, and thereafter, prevented the Plaintiffs from continuing to produce and transport gas from the leases and across the right-of-ways since that time;

(e)   Carlock's intentional interference with gas flow and denial of Plaintiffs' ingress to and egress across Carlock's property excused Plaintiffs from any obligation to continue producing and commercially selling natural gas from the leases and across the rights-of-way pending resolution of this action; and,

(f)   Plaintiffs had, as of November 18, 2004, performed all covenants and obligations reasonably required by the express terms and provisions of the Carlock Lease and had not received any written notice specifying any breach or default thereof.

## COUNT II
### *[Injunction]*

1.-19.   Plaintiffs hereby restate and incorporate by reference herein Paragraphs 1 through 19 of the Allegations Common to All Counts as and for Paragraphs 1 through 19 of Count II.

20.   No provision of the Carlock Lease gave Carlock any unilateral right to enforce a "self-help" remedy, and his interference with the Venture's interconnecting

8

pipeline system constitutes a willful and wanton trespass, as well as an intentional interference with the Venture's legitimate business expectancy to produce gas from adjoining lands and deliver that gas to Scope for ultimate sale in interstate commerce.

21. Plaintiffs have no adequate remedy at law to prevent Carlock from continuing to deny or otherwise interfere with Plaintiffs' ingress to and egress across Carlock's property to produce and transport gas from and across the premises.

22. Carlock's actions have caused and continue to cause Plaintiffs to suffer immediate and irreparable injury, including the loss of and damage to Plaintiffs' right to operate the project and produce gas for commercial sale.

23. Carlock will suffer no undue harm or prejudice in the event this Court grants the injunctive relief sought herein.

WHEREFORE, Plaintiffs pray the Court to grant preliminary and permanent injunctive relief, requiring Carlock and his agents, servants, employees, and others acting on Carlock's behalf or at the direction of Carlock to:

(a) permit Plaintiffs' employees, contractors, vendors and agents to have ingress and egress across the Carlock property for the maintenance, repair and operation of the wells, pipelines and associated facilities on Carlock's property; and

(b) refrain from obstructing or otherwise interfering with Plaintiffs' exercise of lawful property and contractual rights, including, but not limited to, Plaintiffs' rights under the Carlock Lease to inspect, operate and maintain Plaintiffs' wells and pipelines.

## COUNT III
### *[Damages - Intentional Interference With Business Expectancy]*
### *[Plaintiffs demand trial by jury on Count III]*

1.-19.   Plaintiffs hereby restate and incorporate by reference herein Paragraphs 1 through 19 of the Allegations Common to All Counts as and for Paragraphs 1 through 19 of Count III.

20.   By virtue of the agreement with Scope, Plaintiffs had a reasonable expectation of entering into and performing a valid business relationship for the production, delivery and sale of natural gas produced by the Venture's wells.

21.   Defendant Carlock had actual knowledge of Plaintiffs' business expectancy.

22.   Defendant Carlock's intentional and wrongful interference has prevented Plaintiffs' legitimate business expectation from developing into a valid business relationship with Scope to sell produced gas from the Project.

23.   Defendant Carlock's intentional and wrongful interference has damaged Plaintiffs by interrupting the flow of marketable natural gas valued in excess of $405,000.00 to date, and will continue to damage Plaintiffs in the future in additional amounts to be determined by the trier of fact at trial.

24.   Carlock acted with willful and intentional malice toward Plaintiffs' property rights and legitimate business expectancies, thus warranting the trier of fact to assess exemplary and punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant Carlock for their compensatory damages in the amount of $405,000.00, together with additional compensatory damages accruing hereafter, exemplary damages in an amount to be

determined by the trier of fact, and their costs and expenses incurred herein. [Plaintiffs demand trial by jury on Count III].

### COUNT IV
### *[Damages – Breach of the Implied Covenant of Quiet Enjoyment]*
### *[Plaintiffs demand trial by jury on Count IV]*

1-19.   Plaintiffs hereby restate and incorporate by reference herein Paragraphs 1 through 19 of the allegations Common to All Counts as and for Paragraphs 1 through 19 of Count IV.

20.   Carlock owed to Plaintiffs an implied covenant of quiet and peaceful enjoyment of the leased premises.

21.   No provision of the Carlock Lease gave Carlock the unilateral right to enforce a "self-help" remedy of shutting in and preventing further production from the Project's producing wells.

22.   Carlock breached this implied covenant of quiet enjoyment by unilaterally interfering with the production and transportation of Plaintiffs' produced gas.

23.   As a proximate result of Carlock's breach of the implied covenant of quiet enjoyment, Plaintiffs have suffered actual damages in excess of $405,000, which is the value of the marketable natural gas Carlock prevented Plaintiffs from producing and selling to date.

24.   Plaintiffs are entitled to and hereby seek recovery of their reasonable and necessary attorneys' fees incurred as a result of Carlock's breach as expressly provided for in the Carlock Lease.

WHEREFORE, Plaintiffs pray for judgment against Carlock for their actual damages in the amount of $405,000.00, together with additional compensatory damages

accruing hereafter, their attorneys' fees, costs and expenses incurred herein. [Plaintiffs demand trial by jury on Count IV].

Date:   JANUARY 11, 2006

_____
SCOTT C. HELMHOLZ           #6186488 IL
ELIOTT M. HEDIN             #06273932 IL
BROWN, HAY & STEPHENS, LLP
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL  62705-2459
(217) 544-8491       (217) 241-3111 (fax)

1/11/2006\crs\F:\WORD\SCHCLIEN\COPPLE\NewComplFinal.doc

JS 44 (Rev. 11/04)                                    CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained here in neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff    Dallas County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Adams County, Illinois
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brown, Hay & Stephens, LLP, 205 S. 5th, Suite 700, Springfield, IL 62701, 217-544-8491

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits |  / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury |  ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332, 28 USC 2201
Brief description of cause:
Defendant wrongfully interfered with Plaintiffs' rights under a natural gas lease.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $405,000 Preliminary Injunction
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE January 11, 2006    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____