E-FILED
Monday, 20 February, 2006 01:30:36 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| ROBERT S. GILMORE, STEVE GERARD, DEVON WILSON and GEORGE COPPLE, <br><br>      Plaintiffs, <br><br>v. <br><br>JAMES A. CARLOCK, <br><br>      Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )   No. 06-cv-3010 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(7), 17(a) and 28 U.S.C. §1359**

Defendant, James A. Carlock, by his attorney, respectfully submits this Memorandum of Law in Support of his Motion to Dismiss all counts of the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(7), 17(a) and 28 U.S.C. §1359.

## I. INTRODUCTION

Plaintiffs have filed a four-count Complaint against Defendant. In Count I, Plaintiffs ask for a Declaratory Judgment. In Count II, Plaintiffs seek an Injunction. In Count III, Plaintiffs assert a claim for Intentional Interference with Business Expectancy and in Count IV, they allege Breach of the Implied Covenant of Quiet Enjoyment. In terms of jurisdiction, Plaintiffs assert that the Court has 28 U.S.C. § 1332 jurisdiction because they are citizens of foreign states,

Defendant is a citizen of Illinois, and that the amount in controversy exceeds $75,000.00.

Contrary to what Plaintiffs allege, Defendant respectfully submits that the Complaint must be dismissed because the Court does not have jurisdiction. More specifically, the Court does not have jurisdiction for four reasons. First, there is no jurisdiction because the Plaintiffs do not have standing to sue Defendant. Fed. R. Civ. P. 12(b)(1). Second, the Court does not have jurisdiction because the Plaintiffs have been improperly collusively "made" to invoke the jurisdiction of the Court in violation of 28 U.S. C. §1359. Third, the Court does not have jurisdiction because the Plaintiffs are not the real parties in interest. Fed. R. Civ. P. 17(a). Last, the Court does not have jurisdiction because Allied Energy, LLC., an Illinois Limited Liability Company, is an indispensable party that is not joined. Fed. R. Civ. P 12(b)(7). If Allied Energy, LLC. is joined, there is no diversity jurisdiction. 28 U.S.C. §1332.

## II.  LEGAL STANDARD

Claims are subject to dismissal under Fed. R. Civ. P. 12(b)(1) when the Court does not have jurisdiction. "For challenges under Fed. R. Civ P. 12(b)(1), the court may look beyond the complaint to other evidence submitted by the parties to determine whether subject matter jurisdiction exists." **Phoenix Bond & Indemnity, Co., v. Bridge, et al.**, WL 3527232, *3, (N.D. Ill Dec 21, 2005). "The party seeking to invoke the jurisdiction of a federal court has the burden of establishing that jurisdiction exits, and the burden may not be shifted to the party

2

challenging the jurisdiction." **Nationwide Agribusiness Insurance Co., v. Tweet/Garot Mechanical, Inc.,** WL 2076672, *3, (E.D. Wis Aug 23, 2005).

A plaintiff has standing to sue only if he or she properly alleges: (1) an injury in fact to a legally protected interest; (2) a causal connection between the injury and the conduct complained of; and (3) that a favorable decision is likely to redress the injury. **Lujan v. Defenders of Wildlife**, 504 U.S. 551, 561, 112 S.Ct. 2130, 119 L.Ed2d 351 (1992). In considering a motion to dismiss under Rule 12(b)(1), the court accepts as true all material allegations in the complaint. **Lee v. City of Chicago**, 330 F.3d 456, 468 (7th Cir. 2003). The same basic standard seems also to apply to the question of whether a plaintiff violates 28 U.S.C. §1359. **See O'Brien v. AVCO Corp.,** 425 F.2d 1030 (2nd Cir. 1969) (explaining history of 28 U.S.C. §1359).

In regard to Federal Rule of Civil Procedure 17(a), "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). The identity of the real party in interest is determined by the underlying substantive law. **Esposito v. United States,** 368 F.3d 1271, 1273 (10th Cir. 2004). "Under Illinois law, a cause of action based on a contract may be brought only by a party to that contract, by someone in privity with such a party, or by an intended third-party beneficiary of the contract." **Kaplan v. Shure Brothers, Inc.,** 266 F.3d 598, 602 (7th Cir. 2001). Federal law, however, dictates whether or not the district court should proceed in the absence of the interested party. **Nationwide Agribusiness Insurance Co., v. Tweet/Garot Mechanical, Inc.,** WL 2076672, *4, (E.D. Wis Aug 23, 2005). The decision whether to dismiss pursuant to Fed. R.

Civ. P. 17(a) is reviewed for an abuse of discretion. **Stichting Ter Behartiging Van De Belangen Van Oudaandeelhouders In Het Kapitaal v. Schreiber et al**, 407 F.3d 34, 44 (2nd Dist 2005).

In regard to Federal Rule of Civil Procedure 12(b)(7), the standard is similar to that for Fed R. Civ. P 12(b)(1). Specifically, the Court may consider evidence outside the pleadings and all reasonable inferences go to the plaintiff. **Nationwide Agribusiness Insurance Co.**, 2005 WL 2076672 at *4. Dismissal pursuant to Fed. R. Civ. P. 12(b)(7) necessarily implicates Fed. R. Civ. P. 19.

Analysis pursuant to Fed. R. Civ. P. 19 is a two-step process. First, the court must determine whether the potential party at issue should be joined. Second, if the party at issue should be joined but cannot be (for example doing so destroys diversity jurisdiction), the court must decide whether the litigation can proceed in that party's absence. **Id.** Dismissal should be granted in those circumstances when the absence of the party at issue makes it so there is no way to structure a judgment in the absence of that party that will protect both that party's rights and the rights of the existing litigants. **Id**.

### III.  ARGUMENT

A.  Standing

Plaintiffs have standing to sue Defendant only if they have properly alleged: (1) an injury in fact to a legally protected interest; (2) a causal connection between the injury and the conduct complained of; and (3) that a favorable decision is likely to redress the injury. **Lujan v. Defenders of Wildlife**, 504 U.S. 551, 561,

4

112 S.Ct. 2130, 119 L.Ed2d 351 (1992). Defendant respectfully submits that Plaintiffs have failed to meet all three requirements.

First, Plaintiffs have failed to allege an injury to a legally protected interest. In Count I, Plaintiffs assert that there is a justiciable controversy as to whether Defendant violated various of Plaintiffs' rights under Defendant's lease with Allied Energy, LLC. (Compl., Count I, para 21). In Count II, they basically allege the same. (Compl., Count II, para 20). In Count III, they allege Defendant interfered with Allied Energy, LLC.'s agreement with a separate corporation, Scope Operating Co. (Compl., Count III, para 20). In Count IV, Plaintiffs allege a breach of the implied covenant of quiet enjoyment predicated upon Defendant's lease with Allied Energy, LLC. (Compl., Count IV, para 20).

Plaintiffs fail to plead how they have any rights pursuant to Defendant's leases with Allied Energy, LLC.. Specifically, in Paragraphs 2 & 8 of the Complaint, incorporated by reference in all counts, all Plaintiffs allege is that Allied Energy, LLC. indirectly used their funds to acquire oil and gas leases. (Compl. para 2 & 8). More specifically, Plaintiffs allege that Double Eagle Energy, Inc. used their funds to obtain gas leases by using Double Eagle Energy, Inc.'s agent, Allied Energy, LLC. (Compl. para 2 & 8). Thus, as pleaded, Plaintiffs are no more than investors pursuant to a joint venture agreement with Double Eagle Energy, Inc. and Double Eagle Energy, Inc. did nothing more than provide funds for Allied Energy, Inc. to acquire leases and right-of-way grants. (Compl. para 8).

The only connection between Plaintiffs and Defendant is that Defendant entered into two lease agreements with Allied Energy, LLC. and Plaintiffs, via Double Eagle Energy, Inc., may have provided some of the funds for Allied Energy, LLC to enter into said leases. The leases, however, were never assigned and Defendant had never even heard of Plaintiffs before being served with the Complaint. (Exhibit C). Thus, at best, Plaintiffs, through Allied Energy, LLC. and Double Eagle Energy, Inc., are twice removed from Defendant.

Contrary to what is implied by Plaintiffs, an investor or shareholder does not have standing to sue on his own behalf for injuries sustained as a consequence of acts by a third-party directed towards the corporation. **Hengel, Inc. v. Hot'N Now, Inc.**, 825 F. Supp 1311, 1317-18 (N.D. Ill 1993). **See Kaplan v. Shure Brothers, Inc.,** 266 F.3d 598 (7th Cir. 2001) (holding investor in a land trust did have standing to sue a third party for breaching a contract with the land trust); **Weissman v. Weener**, 12 F.3d 84 (7th Cir. 1993); (shareholder who personally guaranteed corporate debt did not have standing to sue attorney for corporation for failing to broker a loan for the corporation); **Flynn v. Merrick**, 881 F.2d 446, 449 (7th Cir. 1989) (holding shareholders and debenture holders did not have standing to sue third party for indirect damages resulting from injuries to a corporation); **Kush v. American States Ins. Co.,** 853 F.2d 1380 (7th Cir. 1988) (holding sole shareholder of corporation did not have standing to sue insurer of corporation); **Elmhurst Consulting, LLC v. Gibson,** 219 F.R.D. 125 (N.D. Ill 2003) (finding that a holding company which was the majority shareholder of a subsidiary corporation did not have standing to sue a former officer of the

6

subsidiary corporation for fraud); **Paul H. Schwendener, Inc. v. North American Speciality Ins. Co, Inc.**, WL 25171 (N.D. Ill Jan 9, 1998) (finding that general contractor did not have standing to sue subcontractor pursuant to a performance bond because general contractor was not a party to the performance bond contract); **Kedziora v. Citicorp National Services, Inc.**, 780 F. Supp 516 (N.D. Ill 1991) (holding lessees under automobile lease did not have standing to challenge provision of lease that did not apply to them). Moreover, in this case, as previously noted, Plaintiffs are not even shareholders of the allegedly injured corporation, Allied Energy, LLC.

Additionally, as made clear from the Complaint, Plaintiffs have not alleged an injury separate and distinct from any injury allegedly suffered by Allied Energy, Inc. that would give them standing. **See Flynn**, 881 F.2d at 449 (explaining that the Seventh Circuit recognizes an exception to the no standing rule if the suing shareholder alleges an injury separate and distinct from the corporation). As pleaded, Plaintiffs have no injuries separate and distinct from those supposedly suffered from Allied Energy, LLC. because Plaintiffs claim to "stand in the shoes" of Allied Energy, LLC.. **See Weissman**, 12 F.3d at 86 (explaining that a corporation is a collective noun for real people–investors, employees, suppliers, and others–and that the people suffering derivative injuries from injuries suffered by the corporation do not have standing to sue third parties).

For similar reasons, Plaintiffs also fail to allege a causal connection between their alleged injuries and the complained about conduct and that a favorable decision is likely to redress said injuries. There is no causal connection

7

because Plaintiffs are not direct third-party beneficiaries to the leases because Allied Energy, LLC.'s rights under the lease were never assigned to them and Plaintiffs are not even mentioned in the leases. **See Kaplan**, 266 F.3d at 606 (finding no standing in part because there was no evidence that the parties to the contract intended an assignment). **See also Kedziora**, 780 F.Supp at 523 (noting that plaintiffs did not have standing because they did not suffer an injury from a lease provision that did not apply to them). Plaintiff do not have standing and the Court does not have jurisdiction.

B.  28 U.S.C. §1359

Even if Plaintiffs have standing, the Court still does not have jurisdiction because Plaintiffs are violating 28 U.S.C. §1359. Section 1359 states: "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. §1359. The statute "is aimed at preventing parties from manufacturing diversity jurisdiction to inappropriately channel ordinary business litigation into the federal court." **Kramer v. Caribbean Mills, Inc.**, 394 U.S. 823, 828-29, 89 S.Ct 1487, 1490-91, 23 L.Ed 2d 9 (1969).

As previously stated, Allied Energy, LLC. is an Illinois LLC. Thus, it is clear the only reason they are not named as a party is because it would destroy diversity jurisdiction. **See White v. Lee Marine Corp**, 434 F.2d 1096, 1097 (5th Cir. 1970) (holding that the appointment of a Louisiana representative to sue on behalf of Texas residents violated 28 U.S.C. §1359). Moreover, as Allied Energy,

8

LLC. is the entity that contracted with Defendant, this is not case where Plaintiffs decided not to join a party that could have been joined but was not central to the dispute in order to maintain diversity jurisdiction or a situation were there was a bona fide assignment with due consideration.

Using foreign investors twice removed from the real party in interest, Allied Energy, LLC, to be the named plaintiffs clearly shows that Plaintiffs are improperly trying to invoke federal jurisdiction. This case is nothing more than a garden variety lease dispute between two Illinois entities that should be decided in state court. By filing the Complaint in Federal Court, Plaintiffs are clearly violating 28 U.S.C. §1359.

C.  Plaintiffs Are Not the Real Party In Interest

Federal Rule of Civil Procedure 17(a) states in relevant part that: "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). The identity of the real party in interest is determined by the underlying substantive law. Federal law, however, dictates whether or not the district court should proceed in the absence of the interested party. **Nationwide Agribusiness Insurance Co., v. Tweet/Garot Mechanical, Inc.,** WL 2076672, *4, (E.D. Wis Aug 23, 2005).

"Under Illinois law, a cause of action based on a contract may be brought only by a party to that contract, by someone in privity with such a party, or by an intended third-party beneficiary of the contract." **Kaplan v. Shure Brothers,**

9

**Inc.,** 266 F.3d 598, 602 (7th Cir. 2001).[1]  In this case, Plaintiffs clearly did not contract with Defendant.  (Exhibits A & B).  Likewise, because there was no assignment or other relationship between Plaintiffs and Defendant (Exhibit C), there was no privity.  **Id**.  Finally, because Defendant had never even heard of Plaintiffs before they filed suit (Exhibit C), Plaintiffs could not be intended third-party beneficiaries.  **See American United Logistics, Inc. v. Catellus Development Corp.**, 319 F.3d 921, 930 (7th Cir. 2003) (explaining that the intent of the parties and the contract as a whole determines whether a third-party is an intended third-party beneficiary). Plaintiffs are not the real party in interest and the Court does not have jurisdiction. **See Weissman v. Weener**, 12 F.3d 84, 85-6 (7th Cir. 1993) (noting that shareholder who personally guaranteed corporate debt was not the real party in interest).

D.  Allied Energy, LLC Is An Indispensable Party

Even if Plaintiffs have standing, did not violate 28 U.S.C.§1359, and are a real party in interest, the Court still does not have jurisdiction because Allied Energy, LLC, an Illinois LLC, is an indispensable party pursuant to Fed. R. Civ. P. 19.  Analysis pursuant to Fed. R. Civ. P. 19 is a two-step process.  First, the court must determine whether the potential party at issue should be joined. Second, if the party at issue should be joined but cannot be, the court must

---

[1] Although Counts III & IV allege torts, the same basic analysis applies. Specifically, Count III is predicated upon the Plaintiffs having an agreement with Scope Operating, Co. that Defendant allegedly interfered. (Compl., Count III, para 20).  As pleaded, however, the agreement with Scope Operating, Co. is with Allied Energy, LLC. and not directly with Plaintiffs. (Compl. para 11, 12, & 13).  Likewise, in Count IV, all of the leases in question were with Allied Energy, LLC. and not directly with Plaintiffs. (Compl., Count IV para 20).

decide whether the litigation can proceed in that party's absence. **Nationwide Agribusiness Insurance Co., v. Tweet/Garot Mechanical, Inc.,** WL 2076672, *4, (E.D. Wis Aug 23, 2005).

Because Allied Energy, LLC is a party to the leases and Defendant potentially has claims against it, there is little doubt that it should be joined. **Id**. (noting that the purpose of Fed, R, Civ. P. 19 is to permit joinder of all materially interested parties to a single lawsuit in order to protect interested parties and avoid waste of judicial resources). Thus, the only remaining question is whether Allied Energy, LLC. must be joined even though doing so would necessarily divest the Court of diversity jurisdiction. Pursuant to Fed. R. Civ P. 19, Allied Energy, LLC. must be joined if there is no way to structure a judgment in its absence that will protect both it and the rights of the Plaintiffs and Defendant. **Id**.

As it relates to Fed. R. Civ. P. 19, this case is very similar to **Elmhurst Consulting, LLC v. Gibson,** 219 F.R.D. 125 (N.D. Ill 2003). In **Elmhurst**, United States District Judge Bucklo held that the corporation that entered into the contract with the defendant, Allied Capital, was a "paradigmatic example of an indispensable party." **Id**. at 128. Like Allied Capital in **Elmhurst**, Allied Energy, LLC. in this case, is a "paradigmatic example" if for no other reason than its absence has the possibility of subjecting Defendant to multiple judgments resulting from the same alleged actions. **Id**. Allied Energy, LLC. is an indispensable party and this case must be dismissed with prejudice.

## IV.  CONCLUSION

For the reasons stated above, this case should be dismissed with prejudice and Plaintiffs should be ordered to pay Defendants costs.

Respectfully submitted,

JAMES A. CARLOCK, Defendant,

By: /s/ Douglas J. Quivey
Douglas J. Quivey Bar Number: 6225888
Attorney for Defendant
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South 7th Street, P.O. Box 399
Springfield, Illinois 62705
Tel:  (217) 544-9823 Fax: (217) 544-9826
E-Mail: doug@lprpc.com

CERTIFICATE OF SERVICE

      I hereby certify that on February 20, 2006, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Elliott M. Hedin
Attorney Number: 06273932
Scott C. Helmholz
Attorney Number: 6186488
Brown, Hay & Stephens, LLP
205 S. Fifth Street, Suite 700
P.O. Box 2459
Springfield, IL  62705
ehedin@bhslaw.com.com
shelmholz@bhslaw.com
Attorneys for Plaintiffs

      By: /s/ Douglas J. Quivey
      Douglas J. Quivey Bar Number: 6225888
      Attorney for Defendant
      LONDRIGAN, POTTER & RANDLE, P.C.
      1227 South 7th Street
      P.O. Box 399
      Springfield, Illinois 62705
      Tel:  (217) 544-9823 Fax: (217) 544-9826
      E-Mail: doug@lprpc.com