E-FILED
Monday, 13 March, 2006   04:41:10 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROBERT S. GILMORE, STEVE GERARD, DEVON WILSON and GEORGE COPPLE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| JAMES A. CARLOCK, | ) ) |
| Defendant. | ) |

CASE NO:  06-3010

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

NOW COME Plaintiffs, Robert S. Gilmore, Steve Gerard, Devon Wilson and George Copple, ("Plaintiffs") by and through their attorneys, Brown, Hay & Stephens, LLP, Scott C. Helmholz, and Eliott M. Hedin, and for their Response to Defendant's Motion to Dismiss, pursuant to FED. R. CIV. P. 12(b)(1), 12(b)(7), 17(a) and 28 U.S.C. § 1359, state as follows:

**I.      STATEMENT OF POINTS AND AUTHORITIES**

Plaintiffs respectfully request that the Court deny defendant's motion to dismiss. Dismissal is not appropriate pursuant to Rule 12(b)(1) because the Complaint sufficiently alleges facts that establish plaintiffs' standing to bring this suit.  *Reid v. Wells,* 308 Ill.app.3d 831, 833 (3rd Dist. 1999); *Brunswick Leasing Corp. v. Wisconsin Central, Ltd.,* 136 F.3d 521, 526 (7th Cir. 1998).  Defendant's reliance on 28 U.S.C. § 1359 should fail because that statute is inapplicable to the case at bar, and, even if it were applicable here, defendant failed to demonstrate that the joinder of Allied Energy would defeat diversity jurisdiction in this case. *Belleville Catering Co. v. Champaign Market Place, L.L.C*., 350 F.3d 691, 692 (7th Cir. 2003).  There is also no support for defendant's suggestion that plaintiffs' are not the real parties in interest.  Plaintiffs alleged they are undisclosed principals and the law is clear that they have the right to bring suit on

1

contracts entered into by their agent on their behalf. *Brunswick Leasing,* 136 F.3d at 526; *Hawkins VMR Joint Venture v. Rowbec, Inc.*, 835 F. Supp. 1091, 1092 (N.D. Ill. 1993). Finally, defendant failed to show that Allied Energy is an indispensable party under Rule 19. Complete relief can be accorded among the parties without Allied Energy's presence in this case and there is no risk that defendant might be subject to risk of multiple or inconsistent obligations. FED. R. CIV. P. 12(b)(7). In addition, defendant did not demonstrate that the joinder of Allied Energy would defeat diversity jurisdiction. *Belleville Catering Co.,* 350 F.3d at 692.

## II.    LEGAL ANALYSIS

### A.    JUSTICIABILITY - STANDING

Under Article III of the United States Constitution, a plaintiff seeking to invoke federal court jurisdiction must present an actual case or controversy. *O'Sullivan v. City of Chicago*, 396 F.3d 843, 853 (7th Cir.2005). The case and controversy requirement is often referred to as the concept of justiciability. *Id.* Under the case or controversy requirement, a plaintiff bears the burden of demonstrating: (i) "injury in fact" - an invasion of a legally protected interest; (ii) a causal connection between the injury and the conduct complained of; and (iii) that a favorable decision will likely redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)(internal quotations and citations omitted). Standing is an aspect of justiciability. *O'Sullivan*, 396 F.3d at 853.

Defendant first challenges the Court's subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) alleging the plaintiffs lack standing to sue the defendant. There are two types of subject matter jurisdiction challenges under 12(b)(1) – facial and factual. *See United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). A facial attack challenges the sufficiency of the allegations of jurisdiction in the pleadings on their face. A

factual attack challenges the truth of the jurisdictional facts alleged in the pleadings. *Id.* Defendant appears to present a factual challenge by relying on matters outside of the pleadings – the affidavit of James A. Carlock (Ex. C). Carlock's affidavit provides that the leases at issue in this case were never assigned to plaintiffs and that Carlock had never heard of plaintiffs before the instant case. Defendant, however, also seems to present a facial challenge to the sufficiency of the allegations of the Complaint by arguing, *inter alia,* "Plaintiffs have failed to allege … Plaintiffs failed to plead." (Doc. 7, p. 5). The issue is further muddled by defendant's citation to the legal standards for both a facial and factual challenge to subject matter jurisdiction. (Doc. 7, pp. 2-3).

A factual attack challenges the truth of the jurisdictional facts alleged in the pleadings. *United Phosphorus,* 322 F.3d at 946. Here, however, defendant's evidence does not contradict any allegations in the Complaint – plaintiffs' did not allege that the leases were assigned or that Carlock ever heard of them before commencing this action. (Doc. 7, p. 6; Ex. C). Rather, defendant's evidence is merely offered to bolster its challenge to the sufficiency of the allegations in the Complaint, which is not a proper basis for the Court to consider matters outside the pleadings on a 12(b)(1) motion. Accordingly, defendant's challenge to standing should be viewed as a facial challenge, which requires the Court to accept as true all material allegations of the Complaint, drawing all reasonable inferences therefrom in the plaintiffs' favor. *Reid L. v. Illinois State Bd. of Educ.*, 358 F.3d 511, 515 (7th Cir. 2004).

Defendant argues that plaintiffs have no standing because they failed to sufficiently allege the first case or controversy requirement – an invasion of a legally protected interest. (Doc. 7, p. 6); *Lujan*, 504 U.S. at 560-61. Specifically, defendant contends that plaintiffs have no rights pursuant to defendant's leases with Allied Energy, LLC, and plaintiffs are merely

investors or shareholders in a joint venture that is not a party to the leases. Defendant relies on a litany of cases that provide that an investor or shareholder does not have standing to sue on his own behalf for injuries sustained as a consequence of acts directed towards the corporation. (Doc. 7, p. 6).

Defendant's analysis is flawed and the authorities cited therein are inapposite to the issue before the Court. The Complaint alleges, in relevant part, that plaintiffs "paid over $150,000 to Double Eagle Energy, Inc. ("DEEI") pursuant to a joint venture agreement (the "Venture") for development of a natural gas well project in Adams County, Illinois (the "Project")." (Doc. 1, ¶2). It is further alleged that DEEI, "acting on behalf of the Venture by and through its authorized agents, Allied Energy, LLC ("Allied") and/or Dean Gibson ("Gibson"), used Plaintiffs funds to acquire a series of oil and gas leases and/or right-of-way grants or easements[,]" including the defendant's. (Doc. 1, ¶8). Plaintiffs also alleged that since November 2004, defendant has wrongfully invaded and interfered with their rights in those leases, right-of-way grants and easements to the damage of the plaintiffs. (Doc. 1, ¶¶ 14-19).

At the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice," and the court "presum[es] that general allegations embrace the specific facts that are necessary to support the claim." *Lujan* 504 U.S. at 561 (internal quotations and citations omitted). Notwithstanding defendant's arguments to the contrary, the plaintiffs' allegations regarding standing are sufficient at the pleadings stage. Plaintiffs, individual members of a joint venture, alleged that an agent of the joint venture, either Allied Energy or Dean Gibson, entered into the agreements with the defendant. In Illinois, an undisclosed principal may step into the shoes of his agent and assume all of the rights and obligations of a contract that the agent entered into on the undisclosed principal's behalf. *Reid v. Wells,* 308

Ill.app.3d 831, 833 (3rd Dist. 1999); *O'Connor v. Village of Palos Park*, 31 Ill.App.3d 528, 534 (1st Dist. 1975); *Brunswick Leasing Corp. v. Wisconsin Central, Ltd.,* 136 F.3d 521, 526 (7th Cir. 1998). Plaintiffs may properly stand in the shoes of their agent, Allied Energy, with respect to the leases entered into with the defendant. *Id.* Under Illinois law, the existence of an agency relationship and its extent are questions of fact. *Brunswick Leasing,* 136 F.3d at 526. Even if the Court were to consider extrinsic evidence on this issue, defendant failed to present any evidence that challenges the truth of the agency alleged in the Complaint.

Plaintiffs clearly alleged a legally protected interest in defendant's leases with Allied Energy, and alleged that defendant's action and conduct since November 2004 invaded that interest. Accordingly, defendant's motion pursuant to 12(b)(1) should be denied.

**B.     28 U.S.C § 1359**

There is also no support whatsoever for defendant's contention that plaintiffs are in violation of 28 U.S.C § 1359. Section 1359 provides:

> A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

28 U.S.C § 1359. The purpose of § 1359 is to prevent manipulation of jurisdictional facts when none existed before, such as through collusive assignments from non-diverse party to diverse party. *Nolan v. Boeing Co.*, 919 F.2d 1058, 1067 (5th Cir. 1990); *see also* 14 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3637. By its express terms, the statute applies where parties are "improperly or collusively made or joined." Here, however, defendant does not argue that plaintiffs improperly or collusively made or joined Allied as a party to this case. Instead, defendant contends that plaintiffs failed to make Allied a party to this suit. "Where the parties before a federal court are properly aligned as plaintiffs and defendants, the

5

suit may not be dismissed as collusive, because parties are omitted, either as plaintiff or defendant, whose presence would defeat the jurisdiction of the court." 35B C.J.S. Federal Civil Procedure § 785 (citing *Helm v. Zarecor*, 222 U.S. 32 (1911); *First Conregational Church and Society of Burlington, Iowa v. Evangelical and Reformed Church*, 160 F. Supp. 651 (S.D. N.Y. 1958). By its express terms the statute simply does not apply where a party is alleged to be improperly omitted from a lawsuit, and the Court should therefore reject defendant's strained interpretation of that statute.

Defendant's reliance on § 1359 is further misplaced because there is no evidence before the Court that joining Allied Energy would defeat diversity jurisdiction in this case. Defendant's evidence merely provides that Allied Energy is an Illinois limited liability company. Defendant concludes from this fact, without analysis or discussion, that plaintiffs did not name Allied Energy as a party because it would destroy diversity jurisdiction.

While a corporation is considered to be a citizen of its state of organization and its principal place of business, the same is not true for unincorporated enterprises. Limited liability companies such as Allied Energy are citizens of every state where any member is a citizen. *Belleville Catering Co. v. Champaign Market Place, L.L.C.,* 350 F.3d 691, 692 (7th Cir. 2003). Defendant failed to identify any members of Allied Energy, let alone provide evidence or even argument to the Court regarding the State where any member of Allied Energy is a citizen. Accordingly, the Court should also deny defendant's motion to dismiss pursuant to 28 U.S.C § 1359. Plaintiffs believe that Allied Energy's sole member, Dean Gibson, is a resident of the State of Indiana.

6

### C.     PLAINTIFFS ARE THE REAL PARTY IN INTEREST

Defendant also seeks dismissal pursuant to FED. R. CIV. P. 17(a), which provides that "Every action shall be prosecuted in the name of the real party in interest." Defendant basically asserts the same argument under Rule 17(a) that it advanced in support of its lack of standing claim. Defendant claims the plaintiffs are not named parties to the leases and are not third party beneficiaries of the same. Again, defendant's argument ignores the allegations in the Complaint that Allied Energy, acting as the Venture's agent, entered into the leases at issue here. As discussed *supra,* the plaintiffs are undisclosed principals and have the right to bring suit on contracts entered into by their agent on their behalf. *Brunswick Leasing,* 136 F.3d at 526; *Hawkins VMR Joint Venture v. Rowbec, Inc.*, 835 F. Supp. 1091, 1092 (N.D. Ill. 1993) ("suit by joint venture could not be brought in name used by joint venture but, rather, had to be brought in names of individual joint venturers.") Therefore, the plaintiffs are clearly the real parties in interest under Rule 17(a), and defendant's request for dismissal on this ground should be denied.[1]

### D.     ALLIED ENERGY IS NOT AN INDISPENSABLE PARTY

Rule 12(b)(7) provides for dismissal of an action where a litigant fails to join a party under Rule 19. FED. R. CIV. P. 12(b)(7). In ruling on a motion to dismiss for failure to join an indispensable party, the Court must accept the allegations of the complaint as true. *Davis Cos. v. Emerald Casino*, *Inc*., 268 F.3d 477, 479 n. 2 (7th Cir. 2001). Additionally, it is the defendant's burden to show that a party must be joined for just adjudication. *Ploog v. HomeSide Lending,*

---

[1] In any event, dismissal would not be the proper remedy under Rule 17 based on the defendant's arguments in the case at bar. Rule 17(a) provides, in pertinent part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ P. 17(a).

*Inc.*, 209 F.Supp.2d 863, 873 (N.D.Ill. 2002); *Central States, Southeast & Southwest Area Pension Fund v. Safeco Ins. Co. of Am.*, 717 F.Supp. 572, 573 (N.D.Ill. 1989).

In assessing a Rule 12(b)(7) motion to dismiss, the Court must apply a two step inquiry. *Thomas v. United States*, 189 F.3d 662, 666 (7th Cir.1999). First, the Court must determine whether Allied is necessary to the action. *Id*. In making this determination, the Court analyzes three factors: (1) whether complete relief can be accorded among the parties without joinder, (2) whether the absent person's ability to protect his own interest will be impaired, and (3) whether any existing parties might be subject to risk of multiple or inconsistent obligations. *Id*. (citing FED. R. CIV. P. 19(a)); see also *Davis*, 268 F.3d at 481.

As to the first factor, complete relief can be accorded among the parties without Allied Energy's presence in this case. Plaintiffs' seek damages from defendant James A. Carlock alone. Allied Energy is not necessary to the adjudication or collection of those damages from defendant James A. Carlock if plaintiffs prevail. There is also no suggestion here that Allied Energy shares liability arising out of this suit. Defendant also failed to identify any claims it has or may have against Allied Energy. Defendant merely suggests that it "potentially has claims against" Allied Energy, but provides the plaintiffs or this Court with no additional information regarding any such claim. In short, defendant failed to show that Allied Energy is indispensable under the first factor.

Defendant has also failed to meet its burden with respect to the third factor – whether any existing parties might be subject to risk of multiple or inconsistent obligations. The Court is required to assume the truth of the allegations in the Complaint regarding the existence of an agency relationship between plaintiffs and Allied Energy. As such, there is no duty that defendant would owe Allied Energy that is separate and distinct from the duty he owed plaintiffs

in this case. *See Brunswick Leasing,* 136 F.3d at 526 ("an undisclosed principal may step into the shoes of its agent and assume all the rights and obligations of a contract that the agent had entered into on the undisclosed principal's behalf.")   Defendant is therefore not subject to the risk of multiple or inconsistent obligations from both plaintiffs and Allied Energy.

In any event, defendant failed to satisfy the most obvious showing related to 12(b)(7) dismissal, that Allied Energy cannot be made a party.  Rule 19 provides that when an indispensable party is absent, the Court shall order that the person be made a party.  It is only when the party cannot be made a party that the Court considers dismissing the case.  Defendant again concludes without support that Allied Energy, an Illinois limited liability company, will destroy diversity jurisdiction if joined in the present action.  A limited liability company, however, is a citizen of every state where any member is a citizen. *Belleville Catering,* 350 F.3d at 692.  Defendant did not introduce any evidence related to the state or states where Allied Energy's member or members are citizens.  Defendant therefore failed to show that Allied Energy cannot be made a party, and this final argument for dismissal must be rejected accordingly.

WHEREFORE, Plaintiffs request that the Court deny Defendant's Motion to Dismiss, pursuant to FED. R. CIV. P. 12(b)(1), 12(b)(7), 17(a) and 28 U.S.C. §1359, and grant such further relief as may be necessary.

Respectfully submitted,

Date:  March 13, 2006                    By:  /s/  Scott C. Helmholz
                                         SCOTT C. HELMHOLZ         #6186488 IL
                                         ELIOTT M. HEDIN           #06273932 IL
                                         BROWN, HAY & STEPHENS, LLP
                                         205 S. Fifth Street, Suite 700
                                         P.O. Box 2459
                                         Springfield, IL  62705-2459
                                         (217) 544-8491        (217) 241-3111 (fax)

9

**Certificate of Service**

I hereby certify that on the **13th** day of **March, 2006**, I electronically filed Plaintiffs' Response to Defendant's Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

>   Douglas J. Quivey, Esq.
>   Londrigan, Potter & Randle, P.C.
>   1227 South 7th Street
>   P.O. Box 399
>   Springfield, IL  62705

>   By:  /s/  Scott C. Helmholz
>
>   **SCOTT C. HELMHOLZ        #6186488 IL**
>   **ELIOTT M. HEDIN          #06273932 IL**
>   **BROWN, HAY & STEPHENS, LLP**
>   205 S. Fifth Street, Suite 700
>   P.O. Box 2459
>   Springfield, IL  62705-2459
>   (217) 544-8491     (217) 241-3111 (fax)